MARTHA WHITE ET AL *v.* CARL L. LEWIS

5-6092                                        487 S.W. 2d 615

Opinion delivered November 27, 1972

[Rehearing denied January 8, 1973.]

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellants.

*Paul A. Schmidt,* for appellee.

LYLE BROWN, Justice. This suit was instituted by appellee Carl L. Lewis to enjoin appellants, the Whites, from converting a garage area into a beauty salon, allegedly in contravention of the terms of a bill of assurance. The court sustained appellee's prayer, holding that the bill of assurance could not be amended for twenty-five years from March 16, 1956, the date of its recordation. On appeal it is contended that the bill of assurance could be amended prior to the twenty-five year period.

The parties are owners and occupiers of residences in Maryland Terrace, an addition to North Little Rock. The determinative portions of the bill of assurance are as follows:

All of the land described herein and any interest therein shall be held and owned subject to and in conformity with the following restrictions and covenants which subject to being amended or cancelled as provided hereinafter, shall be and remain in full force and effect for twenty-five years, to-wit:

No lot shall be used except for residential purposes. No building shall be erected, altered, placed, or permitted to remain on any lot other than one one-family or two-family dwelling not to exceed one and one-half stories in height and a private garage for not more than two cars.

These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five years from the date these covenants are recorded, after which said covenants shall be automatically extended for successive periods of 10 years unless an instrument signed by a majority of the owners of the lots has been recorded, agreeing to change said covenants in whole or in part.

Appellants filed an agreement to alter in part the bill of assurance, which agreement was signed by more than one-half of the property owners in the subdivision. The twenty-five year period has not yet expired.

Appellants contend there is uncertainty in the language of the covenant and therefore freedom of restraint should be decreed, relying on *Hays* v. *Watson,* 250 Ark. 589, 466 S.W. 2d 272 (1971). The same case is authority for the proposition that the intention of the parties, as shown by the covenants, shall govern.

When the recited provisions of the bill of assurance are read *in toto* we think the restriction and the provisions for waiver are unambiguous. In simple terms it is provided that the covenants shall be binding for a period of twenty-five years from date of recordation, *after which* they are automatically extended for successive periods of ten years, unless an instrument signed by a majority of the property owners is filed agreeing to a change in whole or in part.

It is clear to us that the chancellor correctly interpreted the bill of assurance.

Affirmed.

FOGLEMAN, J., dissents

JOHN A. FOGLEMAN, Justice, dissenting. I might readily agree with the construction given the bill of as-

surance by the chancery court and the majority if the last paragraph quoted stood alone. Since it does not, I cannot. Reading the introductory paragraph leads me to only one conclusion, i.e., that the restrictions and covenants can be amended by a majority within the initial 25-year period as well as thereafter. If this were not the intent the words "subject to being amended or cancelled as provided hereinafter" in the first paragraph would have been omitted and the bill would then have the exact meaning ascribed to it by the majority. But we are not at liberty to read words out of the instrument and should recognize that there was some purpose for inserting them. It should be noted that the first paragraph does not say, as it might if the majority's construction is correct, that the restrictions and covenants shall be and remain in full force and effect for 25 years and thereafter be subject to change.

It seems to me that the word "as" is used in the conjunctive sense, that is, meaning in the same way or manner. Thus the introductory clause should be read as follows:

All of the land described herein and any interest therein shall be held and owned subject to and in conformity with the following restrictions and covenants which, subject to being amended or cancelled in the same manner provided hereinafter, shall be and remain in full force and effect for 25 years***.

Thus, the only restriction on the change relates to the manner in which it is to be accomplished and imposes no limitation on time. The manner provided is by an instrument signed by a majority of the owners of the lots.

I would reverse the decree.