Zelfa PIRTLE, Ray Miltz, Charles O'Rear and A. A. Gregoli, Appellees,

v.

R. E. WADE, Appellant.

No. 51242.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 23, 1979.

Rehearing Denied March 13, 1979.

Certiorari Denied April 23, 1979.

Released for Publication by Order of Court of Appeals April 26, 1979.

Jarboe & Thompson by John B. Jarboe, Tulsa, for appellees.

Parks & Beard by Curtis A. Parks, Michael J. Beard, James A. Williamson, Tulsa, for appellant.

ROMANG, Presiding Judge:

The Appellant-Defendant (Appellant) sought to erect a radio antenna on his home lot as a part of his hobby as a ham radio operator. The Appellees, some of his neighbors, expecting the antenna to be unsightly, sought to enjoin the erection of the antenna and succeeded in the court below. In this appeal the Appellant urges reversal on several grounds, i. e. that the erection of an antenna was not precluded by the applicable restrictive covenants and, if it was, the restrictive covenants were properly waived.

■ This is an equitable action. An appellate court in an equity case must review the record and may substitute its judgment on factual matters provided it pays sufficient deference to the trial court's greater opportunity to judge witnesses' credibility and to resolve conflicting testimony. In this case this appellate duty is less significant because the testimony is clear that some of the neighbors in the subdivision reasonably expect the antenna to be unsightly to them and that there is likely to be some effect on the surrounding property values as a result of the antenna's erection.

■ But the action is not one to declare a nuisance but to enforce restrictive covenants. It is basic law in our society that the unencumbered use of real property is the rule that restrictions contained in

restrictive covenants are narrowly construed and all doubts should be "resolved in favor of the unencumbered use of the property. When differences arise, the intention of the party encumbering the property as expressed in the conveyance must be looked to and consideration given to the entire context of the instrument rather than to a single phrase or clause." *Public Service Co. of Okla. v. Home Builders Assn. of Realtors, Inc.,* 554 P.2d 1181, 1186 (Okl.1976).

■ Nowhere does the "Deed of Dedication" specifically exclude exterior antennas, television or radio. The Appellees argue, and the evidence showed, that the development was intended to be residential with all that implies. From this they conclude that a large, exterior radio antenna is impliedly excluded. While some uses of real property may be impliedly excluded by a restrictive covenant, the cited case indicates great care. Too great a willingness by a court to imply restrictions on the use of real property may diminish property rights beyond that intended by the grantor.

■ In this case the Deed states: "[n]o lot shall be used except for residential purposes." But no evidence was presented to indicate the proposed antenna was to be used for other than hobby purposes. We deem hobbies to be within the normal range of activities conducted at one's residence. While this might not apply to a "hobby" which was in actuality a small business, there is no evidence that the hobby in this case is income producing.

■ The Deed also provides:

3. No noxious or offensive trade or enterprise shall be carried on upon any lot, nor shall anything be done thereon which may be, or become, anything annoying or a nuisance to the neighborhood.

To our minds this clause connotes some activity rather than the existence of a radio antenna. While this construction is not absolute, it is supported by the injunction to resolve all doubts in favor of the unencumbered use of real property.

■ Additionally, there is a basis in the Deed for the conclusion that if there was an intended restriction, it was waived. Paragraph 10 of the Deed provides that all construction plans shall be submitted to the grantors or their designee for approval. It also provides that

[t]he undersigned grantors . . . or their designee shall have the exclusive right to grant approvals required by this Deed of Dedication and to waive or vary the restrictions and particular aspects whenever, in the grantor's opinion, such waiver or variance is in the best interest of the owners of the adjoining property. Should plans be submitted, and no action taken within 30 days of the date of submission, then, in such case, said plans shall be deemed approved.

The Appellant submitted an "Application for Construction Approval" under paragraph 10 and received no response. Appellee argues this is not sufficient for waiver because the "Application" did not specify "the proposed color or location of the radio tower for which construction approval is sought" and that the "approval by silence" provision of paragraph 10 applies only to "plans" and not a waiver or variance from a restriction.

An application might be rejected for failure to denote color or location but paragraph 10 does not render the application void for this reason. Appellees misconstrue our cases when they suggest that the restrictive covenant is to be strictly construed. The rule is that a restrictive covenant is to be strictly construed in favor of unencumbered uses of real property.

■ Applying that rule as well to the next argument we fail to find a clear intent to distinguish between a "plan" and a "waiver or variance." Paragraph 10 has four sentences. The first speaks about "all plans", the second prohibits the erection of any structure "until specifications . . . shall have been submitted to and approved in writing . . . by the undersigned grantors . . . ." The third sentence, quoted above, reserves to the grantors the "exclusive right to grant approvals . . . and to waive or vary the restrictions . . . ." Sentence four raises the problem when it

provides for approval of "plans submitted" if "no action is taken within 30 days of date of notification . . . ." In context, and construed strictly in favor of the unencumbered use of real property, we believe the "approval by silence" must be construed to include plans calling for a variance.

Viewed in context we find no prohibition of the erection of an outside radio antenna as proposed in this case. Appellee argues that since there is no reference to paragraph 10 in paragraph 3 that the power to waive or grant variances to its provisions was not reserved to the grantor. The argument is plausible but not conclusive. Nothing in paragraph 10 limits its scope and this ambiguity, if it is one, must again be resolved in favor of the owner's right to decide on usage.

■ We believe the trial court improperly construed the Deed and gave too great significance to the reasonable, subjective desires of the neighbors to preserve the aesthetics of the neighborhood as they see them. Such evidence can be persuasive but is not a basis for restricting property rights—unless it amounts to a nuisance as defined in Oklahoma law. In modern urban society many property rights are restricted by covenant, zoning ordinances or other law. We take seriously the injunction of the Supreme Court to view private restrictive covenants in an unfavored light and to construe them in favor of the free use of real property.

The judgment below is reversed and the injunction is lifted.

REVERSED.

REYNOLDS, J., concurring.