Bert VASQUEZ et al *v.*
Morris JUSTICE et al

CA 83-397

665 S.W.2d 896

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 1984
[Rehearing denied April 4, 1984.]

*Barron, Coleman & Barket, P.A.,* by: *Ronald L. Eggers,* for appellant.

*Wilson & McNee, P.A.,* by: *Mike Wilson,* for appellee.

Tom Glaze, Judge. This case involves certain bills of assurance that appellants contend preclude appellees from constructing multifamily dwellings upon lots located in the Oakwood Subdivision to Jacksonville, Arkansas. The chancellor, adopting the Special Master's findings, rejected appellants' claim and dismissed their complaint that sought to enjoin appellees from building apartment structures on lots five through thirteen of the subdivision. Appellants raise seven points in this appeal, but upon careful study of each, we conclude none compels reversal of the trial court's decision.

While our decision turns upon a long-established rule of property, we first must review the events that led to this legal dispute.

Appellees, J. Albert Johnson and Sue Johnson, his wife, and Morris Justice and Lucille Justice, his wife, purchased the subject property in 1971 as tenants in common. In August, 1974, appellees Morris Justice and J. Albert Johnson filed a bill of assurance and plat, identifying the property as the Oakwood Subdivision and restricting it to single family dwellings.[1] This bill of assurance represented Phase I of the subdivision and covered only twenty of a total of twenty-nine lots, *viz.*, one through four and fourteen through twenty-nine. In January, 1975, the appellees successfully obtained a rezoning of the remaining nine lots, thus permitting them to construct multifamily structures on lots five through thirteen. However, on July 24, 1975, appellee Morris Justice filed a second bill of assurance (executed by him only), which purportedly restricted lots five through thirteen to single family dwellings. Before the second bill of assurance [hereinafter the Justice bill of assurance] was filed, only the appellees and the appellants, Ralph and Bertha Vasquez, owned lots in the subdivision. The other appellants purchased residential lots after the

---

[1]Although Sue Johnson and Lucille Justice did not sign the original bill of assurance, they signed a "Ratification and Confirmation of Bill of Assurance" to "ratify, confirm and affirm the provisions and conditions of the bill of assurance and plat . . . executed by our husbands as if we had executed the same at the same time." The ratification was signed August 23, 1983, and filed August 29, 1983. Its validity is not an issue on appeal.

Justice bill of assurance was filed although only appellant John Evans testified that when he purchased his lot (number 29), he was advised that all of the lots would be developed with single family dwellings. Nevertheless, all of the appellees executed (on October 28, 1977) and filed (on November 4, 1977) an amendment to the Justice bill of assurance, removing all restrictions on lots five through thirteen so those lots could be used for multifamily purposes. Appellees did not obtain building permits and commence construction of apartments until 1983 at which time appellants brought this action.

Appellees, of course, principally rely on the Justice bill of assurance and the single family restriction contained therein. That bill also includes a provision relating to the duration of the covenants and the method of amending or cancelling those covenants. The provision, in pertinent part, is as follows:

> All of the lots described herein and any interest therein shall be held and owned subject to and in conformity with the following restricting [sic] and covenants which, subject to being amended, or cancelled as provided hereinafter, shall be and remain in full force and effect for twenty-five years, to-wit:
>
> 1.  No lot shall be used except for single family dwelling.
>
> . . .
>
> These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of 25 years from the date these covenants are recorded, after which time said covenants shall be automatically extended for successive periods of 10 years unless an instrument signed by a majority of the then owners of the lots has been recorded agreeing to change said covenants in whole or in part.

Appellants' primary contention on appeal is that the Justice bill of assurance by its terms was not subject to

amendment for twenty-five years. Appellants contend the Arkansas Supreme Court interpreted an identical provision in *White* v. *Lewis*, 253 Ark. 476, 487 S.W.2d 615 (1972), and determined the covenants were binding for twenty-five years. Consequently, appellants argue the appellees' amendment to the Justice bill, which excluded lots five through thirteen from the single family dwelling restriction, was futile.

We find it unnecessary to determine the validity of the amendment to the Justice bill of assurance because we find the Justice bill of assurance itself was invalid; accordingly, the restrictions contained therein are also unenforceable. As previously noted, Morris Justice was undisputedly the sole appellee who executed and filed the July, 1975, bill of assurance. No evidence was presented to indicate that Morris Justice was authorized under any theory to act for the other three owners. Nor is there any evidence that in any way indicates the Johnsons (or Lucille Justice) had knowledge that Morris Justice had unilaterally filed this second bill of assurance. The law is clear that one tenant in common cannot bind his cotenant by any unauthorized agreement or act in respect to the common property. *Friar* v. *Baldridge*, 91 Ark. 133, 120 S.W. 989 (1909) (citing Am. & Eng. Ency. Law (2d ed.) 672, 23 Cyc. 494). Thus, under the facts presented here, the Justice bill of assurance is invalid and as a consequence, the first bill of assurance filed with the original plat in August, 1974, governs these parties. That bill of assurance completely excluded the property that comprises lots five through thirteen which are the subject of this dispute. Those lots have never been restricted to single family dwellings by any valid bill of assurance. Therefore, we find the chancellor's decision that lots five through thirteen are not restricted to single family dwellings is not clearly erroneous or clearly against a preponderance of the evidence. Ark. R. Civ. Pro. 52(a). We affirm.

Affirmed.

CLONINGER and CORBIN, JJ., agree.