Gordon L. JOHNSON, d/b/a Gordon Johnson Construction; Transmountain Financial Corp., a Colorado corporation; A.W. Hulbert; Madeline Hulbert; Allen D. Gordon; Jennifer Gordon; Carl L. Felgenhauer; Tera Diane Felgenhauer; Claudia D. Kotecki; Charles L. Black; Arlene Black, Plaintiffs-Appellants,

v.

Peter C. HOWELLS; Jeri C. Howells; Stephen A. Mosher; Tobias J. Burke; Willibald J. Mayer; Ingeborg M. Mayer; William L. Roberts; Lloyd M. Hendrix; Jerry L. Frazee; Dale E. Horn; Susie E. Hook; William Bryant, Jr.; Patricia A. Thomas; Arden O. Amos, Jr.; Wilma L. Litton; Larry J. Albin; James D. Tyler; George M. Peterson; Kenneth L. Smith; Jimmy David Allen; Mitchell R. Johnson; Bradford Knox; Gertrude Knox; Dorthe G. Hayes; Joseph F. Mazy; Betty V. Frazier; Denise Grochowaski; John's Tailor Shop, Inc., a Colorado corporation, Defendants-Appellees.

No. 83CA0843.

Colorado Court of Appeals, Div. II.

May 3, 1984.

Makepeace & Winograd, P.C., Daniel M. Winograd, Colorado Springs, for plaintiffs-appellants.

No appearance for defendants-appellees.

STERNBERG, Judge.

In a declaratory judgment action, the court entered judgment in favor of the plaintiffs. Plaintiffs nevertheless appeal contending that the judgment should have

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

been entered on a different basis. We agree and therefore affirm the judgment, but base it on a different reason than did the trial court.

In 1976, the owners of all the property within a subdivision in Fountain, Colorado, created and recorded restrictive covenants pertaining to the property. One provision thereof stated:

> "*Change in Covenants:* These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty (20) years from the date hereof after which time said covenants shall be automatically extended for a successive period of 20 years unless an instrument signed by sixty percent of the then owners of the property has been recorded, agreeing to change said covenants in whole or in part."

In 1981, some, but not all, of the subdivision owners prepared and recorded documents that purported to amend the covenants. Plaintiffs, who also owned lots in the subdivision, filed suit seeking to declare these amendments invalid. Defendants then recorded an addendum to the amended covenants which purported to contain the signatures of additional owners who agreed to the amendments.

The trial court, on cross motions for summary judgment, granted plaintiffs' motion, holding the amendments were not valid because the requisite sixty percent of the owners of the property had not agreed to them. The plaintiffs appeal, however, contending the trial court erred in ruling that the covenants *could* be amended within the initial twenty-year period and in holding that they could be amended by sixty percent of the owners of the property, rather than by owners of sixty percent of the property.

We agree that the trial court erred in holding that the covenants could be amended within the initial twenty-year period by less than unanimous consent of the owners.

Construing the above-quoted provision, the trial court concluded that the clause, "unless an instrument has been recorded agreeing to change said covenants," modifies the first phrase of the paragraph, as well as the subsequent phrase dealing with extensions of the covenants. Hence, it reasoned, the covenants could be changed in whole or in part at any time by agreement of sixty percent of the owners. We disagree.

Because the resolution of this issue is dependent upon an interpretation of a written instrument, the trial court's interpretation is not binding upon us. *Rio Grande Fuel Co. v. Colorado Central Power Co.,* 99 Colo. 395, 63 P.2d 470 (1936).

We consider the crucial phrase to be "after which time." The plain meaning of the paragraph in question is that the covenants will be binding for twenty years, *after which time* they are automatically extended *unless* sixty percent of the property owners agree to change them and record an instrument to that effect. Two courts have interpreted nearly identical covenants in this way. *White v. Lewis,* 253 Ark. 476, 487 S.W.2d 615 (Ark.1972); *Robinson v. Morris,* 272 So.2d 444 (La.App.1973).

To interpret the paragraph in question as the trial court did would be to render meaningless the reference therein to a twenty-year period. If the owners had intended that the covenants could be amended at any time by sixty percent of the owners, they would not have needed to include any reference to a twenty-year period.

Accordingly, the summary judgment in favor of plaintiffs is affirmed, but we hold that, barring unanimous agreement among the owners to rescind or change the restrictive covenants, *see* 5 *R. Powell, The Law of Real Property* § 679[1] (P. Rohan rev. 1981); 2 *American Law of Property* § 9.23 (A.J. Casner ed. 1952), the covenants may not be amended within the initial twenty-year period.

PIERCE and SMITH, JJ., concur.