The plaintiff, Monty W. Ervin, appeals from a summary judgment entered in favor of the defendant, Deloney Construction, Inc. ("Deloney"), in Ervin's suit for an injunction prohibiting Deloney from constructing a house on certain property located in the Cherokee Acres Subdivision in Houston County, Alabama, and ordering Deloney to remove any structures already constructed on the lot.
Ervin argues that a restrictive covenant applicable to the subdivision prohibited Deloney's construction of a dwelling on Lot 1 of the subdivision and that the trial court erred in its interpretation and construction of the covenant. He argues that the restrictive covenant was unambiguous and, therefore, that there was no room for construction and that the plain meaning of the language of the covenant governed. See Hill v. Rice,505 So.2d 382 (Ala. 1987) (when language of restriction is clear and unambiguous it will be given its plain and manifest meaning). We agree that the covenant was clear and unambiguous; however, we also agree with Deloney that the trial court correctly held that Deloney was not violating it.
The facts of this case, which both parties have agreed are undisputed, are as follows: Ervin owns Lots 2 and 3 of Block D in the second addition to the Cherokee Acres Subdivision. He also owns approximately 10 feet of Lot 1 in the same subdivision. Deloney was originally deeded all of Lot 1, but after having a survey done on the property, Deloney discovered the 10 feet previously deeded to Ervin. Deloney obtained a reformed deed correctly describing the portion of Lot 1 that Deloney owned, excluding the 10-foot strip owned by Ervin.
The pertinent restrictive covenant relating to the lots in the subdivision reads as follows:
 "2. More than one lot may be used for a dwelling, but only one dwelling may be built on each lot. The use of several lots for more dwellings than one dwelling for each lot is prohibited."
Ervin has erected a fence on Lot 1 marking the portion of that lot that he owns. Also, a portion of his swimming pool and his pumphouse are on his 10-foot strip of land located on Lot 1. No portion of Ervin's house is located on Lot 1.
Lots 1, 2, and 3 are bordered on the north by Gwaltney Drive. Lot 1 runs approximately 206 feet along Gwaltney Drive and is 130 feet deep on its eastern border, where it meets Lot 2. The portion of land on Lot 1 owned by Ervin is on the eastern side of Lot 1 and is approximately 10 feet wide and 130 feet long.
Deloney began to construct a house on its portion of Lot 1. Ervin sought to enjoin Deloney from building the house, arguing that because Deloney does not own the entire lot Deloney is violating the restrictive covenant limiting the number of dwellings to one per lot. Deloney argues that the restriction limits the number of dwellings on one lot, but does not prohibit the *Page 595 
use of a portion of a lot to build a house, so long as that portion meets the zoning regulation for minimum lot size.
The trial court, in entering a summary judgment for Deloney, held:
 "The Defendant's lot meets the minimum size requirement and the proposed residence complies with the subdivision restrictions regulating house size and the like.
 "The portion of Lot 1 owned by the Plaintiff is quite small in relation to its total size. The subdivider incorporated the one-house-per-lot limit for the apparent purpose of preventing lot purchasers from overloading subdivision streets and crowding the neighborhood. The Defendant's proposed construction does nothing to interfere with those purposes."
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Fincher v. Robinson Brothers Lincoln-Mercury, Inc.,583 So.2d 256 (Ala. 1991). Because the facts in this case are undisputed, we will review only the correctness of the trial court's application of the law to those facts and whether Deloney was entitled to a judgment as a matter of law.
Restrictive covenants are not favored in the law and, therefore, they will be strictly construed, with all doubts resolved in favor of the free and unrestricted use of land and against the restriction. Lange v. Scofield, 567 So.2d 1299
(Ala. 1990).
In the present case, the covenant is clear and unambiguous, and it permits only one dwelling per lot. Therefore, the question becomes whether the slight encroachment by Ervin's curtilage onto Lot 1 constitutes placing a dwelling on Lot 1.
This Court has not defined the term "dwelling" as it is used in restrictive covenants such as that in the present case. However, we conclude that "dwelling," as that word is used in the restrictive covenant in this case, is simply another word used to mean a house in which a person or persons reside. We conclude that the fact that Ervin's swimming pool and pumphouse extended onto the 10-foot portion of Lot 1 owned by Ervin does not constitute the placement of a dwelling on Lot 1 for the purposes of the covenant that limits the number of dwellings to one per lot. To hold otherwise in this case would render Deloney's property useless; such a holding would be unreasonable and would unduly restrict the use of Deloney's land.
The trial court properly applied the law to the facts of this case and correctly entered the summary judgment for Deloney. Ervin's argument that the trial court erred in looking to the purpose of the covenant is immaterial and has no effect on the outcome of this appeal. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and INGRAM, JJ., concur.