STEAGALL, Justice.
Quinton Whaley appeals from the judgment of the Tallapoosa Circuit Court ordering him to remove a mobile home and improvements from his lot in the Wind Creek Farms subdivision in Alexander City. O.C. Harrison and several of the subdivision’s other residents sued Whaley, seeking a declaratory judgment regarding their respective rights pursuant to several restrictive covenants and seeking injunctive relief regarding two of those covenants.[1] The trial judge implicitly held that Whaley had violated the second restrictive covenant in the document entitled “Restrictions and Conditions on Wind Creek Farms, Inc.” That covenant states: “No building shall be erected on any, [sic] of said lots with less than 750 square feet, excluding carports and porches.”
Harrison essentially contends that Whaley violated the covenant in two respects: his mobile home was not “erected” and it failed to meet the minimum square footage requirement when it was placed on the lot. Wha-ley’s uncontested testimony at the ore tenus hearing established that, three days after he put the mobile home on his lot, he removed the wheels and put concrete blocks underneath it and, before being served with the summons and complaint, began enclosing the mobile home with siding and adding another room, a porch, a roof, and supporting columns. Although Whaley’s mobile home originally measured only 450 square feet, it measured approximately 900 square feet, excluding the porch, after he added the room.
The case that Harrison argues controls the present one, Frander & Frander, Inc. v. Griffen, 457 So.2d 375 (Ala.1984), is not on point but is, rather, factually distinguished. The restrictive covenant at issue in Frander read, “no building shall be ‘erected or placed’ on a lot.” 457 So.2d at 378 (emphasis added in Frander). This Court held that the words “or placed” evidenced that its drafter contemplated allowing premanufac-tured homes in the subdivision to which it pertained. This Court did not hold, as Harrison says, that the word “erected,” when used by itself in a restrictive covenant, prohibits homes that are “placed” on a lot.
The trial court stated explicitly that the dispositive issue is not whether Whaley’s mobile home was “erected” or “placed” (in which case he would have ruled for Whaley because “if the developers had wanted to prohibit mobile homes, trailers, and the like, they could have said so”) but, rather, whether the mobile home “conform[ed] to the clear minimum standards for a building in [Wind Creek Farms].” Although in ore tenus cases we normally afford the trial judge’s findings based on disputed facts a presumption of correctness, we cannot do so in this case because the facts were largely undisputed. The relevant portion of the judge’s order reads:
“Defendants say mobile homes are not prohibited and that, at least as to one defendant, Quinton Whaley, he has added permanent ‘living space’ to exceed the minimum standard. It is clear that as originally brought to the lots, the mobile homes contained less than the minimum footage.
[[Image here]]
“The fact that one owner, after the suit, attempted to add to [the mobile home] *518 living area to correct the deficiency does not excuse the violation. These mobile homes are 60' x 12', or 720 square feet. They simply should not have been placed on these lots in violation of the restrictive covenant. Good intentions are really no excuse. While this court does not like to negate the efforts of these defendants to improve their property and be good neighbors, the other property owners are entitled to insist upon their rights under recorded restrictive covenants. The fact that this decision imposes hardship on these defendants is of their own doing, since they apparently did not examine the records or ascertain the limitations prior to their recent purchase.”
Whaley testified as follows regarding his knowledge of the restrictive covenant when he purchased his lot:
“The home [Harrison] is talking about, my mobile home, is 20 by 45, instead of 9 by whatever he quoted. It’s 20 by 45 now, with a porch across it. But, when I bought my lot, I had the deeds wrote up, I didn’t see my papers or anything for two months. They was behind with papers down there at the courthouse and they sent them two months later. And, the onliest thing I understood was 750 foot and not to build an outhouse. You know, just something out and build it. But, I’m trying to make it, and I’m still working on it, and I’m trying to make it nice and presentable. And we didn’t buy that to hurt nobody. We’re peaceable people if they will let us be.”
This uneontested testimony, coupled with that testimony of Whaley’s mentioned earlier, establishes that he began working to make his mobile home acceptable under the covenant three days after he put it on his lot and before Harrison and the others initiated their lawsuit. The subtext in this case is that Whaley’s home is unacceptable under the covenant because it is a “temporary” structure. In Crews v. Moore, 579 So.2d 1334 (Ala.1991), this Court held that a mobile home that has been made a part of the realty by being anchored to the ground (porches and decks had been added in that case) is not a “temporary structure.” In addition, Black’s Law Dictionary 542 (6th ed.) defines the verb “erect” as being synonymous with “construct.” By making the additions, Wha-ley certainly constructed or “erected” his mobile home so that it met the minimum square footage requirements.
As the trial court observed, and as is apparent from the “Restrictions and Conditions” document, there is no express prohibition of mobile homes. We decline to hold, as Harrison would have us do, the converse of Frander: that mobile homes are not allowed under the covenant in this case because the words “or placed” are absent—essentially, prohibition by omission.
Rather, we are mindful of the general rule that restrictive covenants are not favored in the law and, therefore, that they will be strictly construed, with all doubts resolved in favor of the free and unrestricted use of land and against the covenants. See Ervin v. Deloney Constr., Inc., 596 So.2d 593 (Ala.1992). Applying that rule to this case, we hold that Whaley’s home does not violate the restrictive covenant. The judgment of the trial court is, therefore, reversed and the cause is remanded for an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. Although several other defendants were named in the action and were included in the judgment, Whaley is the only defendant who appealed, and, because only one of the two covenants mentioned in the complaint is at issue on appeal, we will confine our discussion to that provision.