Et.utot T. Gallagher, J.
This is an action to enjoin the construction of a church on the northeast corner of North Street and Bryant Avenue in the City of White Plains. Plaintiffs contend that the property is subject to restrictive covenants prohibiting the erection of any building other than a single-family residence.
Defendant’s property was originally a part of a large tract of land owned by Stuart Dean Platt, Lucy Williams Platt and other members of the Platt family. In 1928 and 1929, a portion of the tract was subdivided and two subdivision maps were filed, *709 entitled, respectively, Section Number 1 and Section Number 2, Old Oak Ridge. Defendant’s property appears as lot 4 and the southerly portion of lot 3 in Section Number 1. The subdivision maps contain no reference to the type of building which might be constructed or the use to which the property might be put, nor do they indicate any setback restrictions.
Defendant took title to its property by deed dated October 1, 1953, from Oak Lane Realty Corp. The deed sets forth no restrictive covenants but merely provides that the conveyance is subject to “ Restrictive covenants in instruments recorded in Liber 2886 of Deeds at page 450.” The instrument referred to is a deed to lot 19, dated October 1, 1928, from Atwood & Platt, Inc., to one Webb Miller. It sets forth in six separate paragraphs restrictive covenants, the pertinent parts of which may be summarized, as follows:
First: The purchaser covenants not to erect, carry on or permit “ upon the premises conveyed ” any brewery, distillery, dramshop, saloon, barroom, or other place for the manufacture or sale of intoxicating liquors or any business, manufactory or occupation whatsoever and covenants further not to erect any building to be used for a hospital, school, hotel, college, club, public recreation, library, museum, sanitarium or boardinghouse and that the premises shall not be used for nursery purposes or truck gardening for business purposes.
Second : The purchaser covenants not to erect, maintain or permit “ upon said premises,” any building whatsoever except one dwelling house or residence costing not less than $20,000., which shall not be erected on a lot of less than 37,500 square feet and which shall be set back at least 75 feet from the front property line and 10 feet from any side line. “ Notwithstanding the above, the following setback restrictions shall apply to the following specific lots: * * * As to lot 3, dwelling shall set back at least 143 feet from North Street. As to lot 4, dwelling shall set back at least 125 feet from North Street
Fifth : Lots of ‘ other Sections ’ ’ of property known as the Platt property are made subject to the same restrictions except setback restrictions.
Sixth : The covenants are declared to run with the land “ and the seller * * * shall be bound by the same restrictions
It will be noted that whereas the first paragraph specifically mentions some 17 objectionable buildings and uses, a church is not among them. It will be noted further that the provision in paragraph “ second ” prohibiting the construction of “ any *710 building whatsoever except one dwelling house or residence costing not less than $20,000 ” by its own terms applies to the premises conveyed, namely, lot 19. The only mention of lots 3 and 4 is with regard to setback restrictions. Paragraph “ fifth ” which purports to subject “ all plots or lots of other sections of property known as the Platt property ’ ’ to the same restrictive covenants, expressly excludes from its' operation the lots contained within Section Number 1, Old Oak Eidge, of which lot 19, as well as lots 3 and 4, form a part.
It is, therefore, highly questionable whether these covenants prohibit or even purport to prohibit the construction of a church on lots 3 and 4. If that was the intention, it was certainly, to say the least, poorly expressed. If a church was within the contemplation of the parties, why was it omitted from the extensive list of prohibited buildings? (Smith v. Scoville, 205 App. Div. 112.) If the purpose was to exclude everything but single-family dwellings, why do we find a specific prohibition against breweries, saloons, hospitals, hotels and some dozen other objectionable buildings? (Pulitzer v. Campbell, 146 Misc. 700.) If it was intended to restrict the type of building which might be constructed on lots 3 and 4, why do the covenants refer exclusively to ‘ ‘ the premises conveyed ’ ’ (lot 19) and “ said premises ”? To interpret them as applicable to defendant’s property would be to extend them beyond their terms. This the court may not do. (Kitching v. Brown, 180 N. Y. 414, 427; Single v. Whitmore, 307 N. Y. 575, 580.) The familiar rule must be applied that in case of doubt a restrictive covenant is to be construed most strictly against the party seeking to enforce it and in favor of the free and unrestricted use of property. (Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242; Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507.)
There is a further reason why defendant must prevail. The evidence establishes conclusively that at the time it conveyed lot 19, Atwood & Platt, Inc., the grantor, did not have title to lot 4 or the southerly portion of lot 3. Indeed, it has never held title thereto. It was, therefore, without power to encumber the property in any way. In Corpus Juris Secundum (vol. 26, Deeds, p. 1094, § 162, subd. [3]) the rule is stated as follows: “ To create a restriction on the use of property conveyed, the person attempting to impose the restriction must have title to the property”.
While it may be that parties to a conveyance can impose restrictions by making the deed subject to covenants which do *711 not themselves bind the property conveyed, there is no evidence in the case at bar that defendant’s grantor had any such intention. The presumption must be that the parties intended to restrict the property only to the extent that it was already restricted by the deed referred to in the “subject” clause. Since that deed is ineffective insofar as it purports to restrict the defendant’s property, the subject clause in defendant’s deed is equally ineffective.
A similar situation was presented in Morrill Realty Corp. v. Rayon Holding Corp. (254 N. Y. 268). There, after the: signing of the contract but before the closing of title, plaintiff, purchaser, discovered the existence of an instrument containing the ‘ Murray Hill ’ ’ covenants and the existence in its own chain of title of conveyances “ subject to ” the covenants. It refused to accept title and brought an action to recover the down payment. Defendant counterclaimed for specific performance. The Court of Appeals in affirming a judgment in favor of defendant said (p. 276): “In the instance before us the Murray Hill covenant, by its terms excluded from its operation the premises in litigation. Consequently, if the ‘ subject ’ clauses, contained in conveyances made subsequently to the agreement, operated to bind the granted property to restrictions such as were contained therein * * * they must have been effectual, if at all, as new impositions of like restrictions upon lands not originally bound by the covenant. Self-evidently there was no thought in the mind of any grantor or grantee to impose new restrictions by covenants presently made. ’ ’
It follows that if any restrictive covenants attach to defendant’s property, they must be found somewhere other than in its deed and the instrument referred to therein. Of course, defendant is bound by any restrictions appearing in its chain of title regardless of whether they are contained in its own deed. However, an examination of defendant’s chain discloses no restrictions such as the plaintiffs seek to enforce. Title to the property remained in the Platt family until September 18, 1946, when Stuart Dean Platt and Lucy Williams Platt conveyed to Platt Homestead, Inc. The only mention of restrictions is contained in the words: “ Subject to covenants and restrictions of record.” Thereafter, Platt Homestead, Inc. conveyed to Harry 0. King who, in turn, conveyed to plaintiff, Oak Lane Realty Corp., defendant’s grantor. Neither deed contains any mention of restrictions. All the deeds containing’ the covenant are outside defendant’s chain of title and, as a matter *712 of fact, the deeds to 29 of the 44 lots conveyed by the Platt family prior to the conveyance of the premises in litigation, contain either no mention of restrictive covenants or else only a general “ subject ” clause such as that in the deed to Platt Homestead, Inc.
The rule is well settled that in the absence of actual knowledge, a purchaser takes free and clear of restrictions outside his chain of title. The rule is stated in Buffalo Academy of Sacred Heart v. Boehm Bros. (267 N. Y. 242, 250, supra): “ In the absence of actual notice before or at the time of his purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to himself or his direct predecessors in title. (Clark on Real Covenants and Other Interests which ‘ Run with the Land, ’ p. 162.) This rule would seem to be implicit in the acts providing for the recording of conveyances. Recording constitutes notice only of instruments in the chain of title of the parcel granted. To have to search each chain of title from a common grantor lest notice be imputed would seem to negative the beneficent purposes of the recording acts. (Schermerhorn v. Bedell, 163 App. Div. 445; affd., 221 N. Y. 536.) ”
Counsel for plaintiffs contends, however, that the restrictions are in defendant’s chain of title by virtue of the “subject” clause contained in the deed to Platt Homestead, Inc. While there appears to be no New York authority directly in point, it has been held that building restrictions are not imposed on a lot conveyed “ subject to restrictions of record ” where such restrictions do not appear in the chain of title. (Kuhn v. Saum, 316 Mo. 805.) This view would seem to be in accord with the rule stated in Buffalo Academy of Sacred Heart v. Boehm Bros. (supra) since such a clause does not give the purchaser notice of what restrictions, if any, exist. It is a mere precautionary clause designed to protect the seller against a claim that title is unmarketable in the event that there are restrictions in the chain of title. Defendant had a right to so regard it, particularly in view of the fact that in the same deed the grantors covenanted that they had done nothing to encumber the property in any way whatever.
The only evidence offered by the plaintiffs on the question of actual knowledge is a letter from the attorney who represented the defendant on the purchase of the property, addressed to one Henry Moss, in which the attorney expresses his regret in learning of Mr. Moss’ opposition to the erection of a church. *713 It may not be assumed on the basis of this letter that defendant had actual knowledge of any restrictions other than the ineffective ones referred to in its own deed.
On the basis of the foregoing, it must be held that defendant took title free and clear of all restrictions.
Complaint dismissed.