Juanita HARBOUR *v.*
NORTHWEST LAND COMPANY, INC., et al

84-175                                          681 S.W.2d 384

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Plegge & Church,* by: *Beresford L. Church, Jr.,* for appellant.

No brief filed for appellee.

WEBB HUBBELL, Chief Justice. The question to us is the enforceability of a restrictive covenant incorporated by reference in a deed. Appellant, Juanita Harbour, paid off the balance owing on a Purchase Agreement between Northwest Land Co., Inc. as seller and her brother as buyer. Appellant was living in Houston, Texas at the time of the purchase and received the deed when she moved to Arkansas. The deed conveying the unplatted property recites: "Subject to restrictions and easements set forth in Plat and Bill of Assurance of Berthe Acres in Deed Record Book 714, Page 555, Records of Pulaski County, Arkansas." Among the restrictions in the Bill of Assurance for Berthe Acres, a subdivision north of appellant's property, is a provisions stating: "No structure of a temporary character, trailer, . . . shall be at any time used for human habitation . . . nor shall any structure of a temporary character be used for human habitation."

Three of the deeds to other parcels in the same quarter section contain the same restrictions as appellant's. Four other deeds contain various restrictions but are not subject to the Berthe Acres Bill of Assurance. One deed contains no restrictions. Five other lots under contract for sale have no restrictions because no deeds have as yet been conveyed.

Appellant placed a mobile home on her property. Because of objections raised, appellant sought a declaratory judgment declaring the prohibition ineffective, but the chancellor found a general plan of development and granted appellees' cross claim for the enforcement of the restrictive covenant. The issues on appeal are whether the restrictions

in the Berthe Acres Bill of Assurance, incorporated by reference in the deed to appellant's property, are valid, and whether a mobile home constitutes a temporary structure.

Courts do not favor restriction upon the use of land, and if there is to be a restriction it must be clearly apparent. It is not always essential that there be a bill of assurance filed with the plat of a subdivision; the restricted use may be annexed to the conveyances of the land. *Moore* v. *Adams,* 200 Ark. 810, 141 S.W.2d 46 (1940). One taking title to land with notice that it is subject to an agreement restricting its use will not, in equity and good conscience, be permitted to violate its terms. *Rickman, et al.,* v. *Mobbs et ux.,* 253 Ark. 969, 490 S.W.2d 129 (1973). *Moore* v. *Adams, supra.* Thus, where a general plan of development exists, restrictive convenants are enforceable. *Jones* v. *Cook,* 271 Ark. 870, 611 S.W.2d 506 (1981).

The test for a general plan of development is whether substantially common restrictions apply to lots of like character or similarly situated. *Jones* v. *Cook, supra.* In this case some of the deeds were subject to the Berthe Acres Bill of Assurance; others were not. Some deeds recited a minimum construction cost of $8,500.00, and some had a different minimum. Some deeds had a minimum square footage requirements of 750 square feet, and others had no minimum. Some deeds had restrictions against dog raising. A few deeds contained a heating requirement. One deed contained no restrictions whatsoever. There is simply no substantial evidence to support a finding of a uniform development plan. Under these facts and circumstances, we must conclude that because of the many inconsistencies in the restrictions to the various deeds that no general plan of development exists. This finding precludes any need to reach the other issues raised on appeal.

Reversed.

HAYS, J., not participating.