David ESTES, et al. *v.* Randall MERRITT
and Vera Merritt

CA 06-288                                                242 S.W.3d 295

Court of Appeals of Arkansas
Opinion delivered November 1, 2006

---

[3] We make no decision in this opinion as to which compensatory figure is the proper one for this purpose.

*Stuart Law Firm, P.A.*, by: *J. Michael Stuart* and *Ginger Stuart Schafer*, for appellants.

*Terry J. Lynn*, for appellees.

SAM BIRD, Judge. This is an appeal from a judgment entered in favor of appellees Randall and Vera Merritt and against appellants David Estes, Nancy Estes, James Holder, Miki Holder, and the Vernon M. Rowe Family Limited Partnership in an action for declaratory and injunctive relief against the enforcement of restrictive covenants allegedly encumbering appellees' property. The trial court found that a reference in the plat of appellees' property to the restrictions covering appellants' property constituted an impermissible amendment to the bill of assurance for appellants' property. The trial court also found that the restrictions did not apply to appellees' property. Appellants raise two points on appeal. We affirm.

Appellants own some of the lots located in the Lake Pointe Above the Narrows, Phase 1 subdivision (hereinafter, "Phase 1"). The Phase 1 property is governed by a "Bill of Assurance and Protective Covenants" recorded on March 31, 1997, that defines acceptable home sizes, styles, and usages. It also prohibits the subdividing of any lots in the subdivision. Finally, the bill of assurance contains the following provision:

> 19. TERM: These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of thirty (30) years from the date these covenants are

recorded, after which said covenants shall be automatically extended for successive periods of 10 years, unless an instrument signed by a majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part.

Appellees own the single, ten-acre lot contained in Phase 2 of Lake Pointe Above the Narrows subdivision, which is located across the road from Phase 1. The same developer created both Phases 1 and 2. The Phase 2 plat, recorded on April 26, 1999, references the bill of assurance that had previously been recorded for Phase 1, stating, "For Bill of Assurance see Deed Record Book 429 Page 617-622." The Phase 2 property was conveyed to appellees' predecessor in title in March 2000 and to appellees in December 2002. Neither deed contains any restrictions.

After a dispute arose, appellees filed a declaratory judgment action against appellants and some, but not all, of the other lot owners of Phase 1 on November 17, 2004. Appellees sought a declaration that Phase 2 was not subject to the bill of assurance for Phase 1. After other owners filed pro se answers, appellants filed an answer denying the material allegations of the complaint.

At trial, appellees argued that the Phase 1 bill of assurance was not subject to amendment for thirty years. Appellees also argued that appellants did not have any standing to enforce the Phase 1 covenants because Phase 1 and Phase 2 are adjoining but separate subdivisions and owners in one subdivision do not have standing to enforce the restrictions in another subdivision. In response, appellants argued that the bill of assurance was not being amended but, rather, was being adopted as a separate bill of assurance for Phase 2.

Randall Merritt testified at trial that he is a builder/developer. He said that he was familiar with legal descriptions and that the plat of Phase 2 did not include all of the property within the legal description of Phase 2. He also said that he did not believe his property in Phase 2 was covered by the Phase 1 bill of assurance referenced in the Phase 2 plat. He stated that he began polling his neighbors to ask their permission to subdivide his lot. Merritt admitted receiving a title search to Phase 2 that referenced the Phase 1 bill of assurance and put him on notice that the restrictions might apply. However, he did not seek legal advice on the issue before purchasing the Phase 2 property.

Merritt acknowledged that he sent a letter to some of the Phase 1 owners, which asked them to sign a document giving him permission to subdivide Phase 2 and stated that "more than 75% of

the current owners have been polled and all have responded positively, thus making this request for your signatures more of a formality." He said that his letter did not mean that more than seventy-five percent of the owners had agreed to his request but meant only that they responded positively. Merritt also stated that, until he sought legal counsel, he, as a builder, believed that the Phase 1 restrictions might apply to Phase 2.

Relying on the supreme court's decision in *White v. Lewis*, 253 Ark. 476, 487 S.W.2d 615 (1972), the trial court found that the reference in the Phase 2 plat to the Phase 1 bill of assurance constituted an invalid amendment of the restrictions in violation of the provision prohibiting amendments for thirty years from the date of the bill of assurance. The court also found that appellees' property was not subject to the Phase 1 bill of assurance because its legal description did not include the property located in Phase 2. The court enjoined appellees from proceeding to develop the property so that appellants could appeal.[1] An order containing the court's findings was entered on December 7, 2005, and appellants filed a notice of appeal on December 21, 2005.

Appellants raise two points for reversal. They first assert that the trial court erred in finding that the plat of Phase 2 amended the bill of assurance to Phase 1 because the plat only adopted the restrictive covenants of the Phase 1 bill of assurance and did not amend it. We affirm, but on different reasoning than that used by the trial court.

The ordinary method of establishing restricted districts when new subdivisions are surveyed and platted is to file a plat and bill of assurance, whereby the owner obligates himself not to convey except in conformity with the restrictions imposed in the bill of assurance. *McGuire v. Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988). Another method is for the grantor to include the restrictions in the conveyances of the land. *Id.* Here, the deeds from the developer to appellees' predecessor in title and to appellees do not contain any restrictions. Therefore, the question is whether the reference to the Phase 1 bill of assurance on the Phase 2 plat is sufficient to create the restrictions.

---

[1] The trial court also denied appellants' motion to dismiss for failure to join all of the Phase 1 owners and specifically declined to rule on whether the Phase 1 owners had standing to enforce any restrictions that might apply to Phase 2 or to rule on whether Phase 1 and Phase 2 are separate subdivisions. No issues concerning these rulings are raised in this appeal.

The general rule governing the interpretation, application, and enforcement of restrictive covenants is that the intention of the parties as shown by the covenant governs. *McGuire, supra.* Restrictive covenants are not favored, and if there is any restriction on land, it must be clearly apparent. *Hutchens v. Bella Vista Village Prop. Owners' Ass'n*, 82 Ark. App. 28, 110 S.W.3d 325 (2003). Where there is uncertainty in the language by which a grantor in a deed attempts to restrict the use of realty, freedom from that restraint should be decreed; but when the language of the restrictive covenant is clear and unambiguous, the parties will be confined to the meaning of the language employed, and it is improper to inquire into the surrounding circumstances of the objects and purposes of the restriction to aid in its construction. *Holmesley v. Walk*, 72 Ark. App. 433, 39 S.W.3d 463 (2001).

■ We hold that the Phase 2 plat's reference to the Phase 1 restrictions is ambiguous and was properly resolved as an issue of fact. The Phase 2 plat references only the book and page location of the Phase 1 bill of assurance and does not specifically state that it is adopting the Phase 1 restrictions for Phase 2. Further, the Phase 1 restrictions themselves state that they are intended to apply only to the land described in the attached legal description and shown by the Phase 1 plat, neither of which includes appellees' property. Because there are no restrictions clearly applicable to Phase 2, our rule of strict construction of restrictive covenants resolves the ambiguity in favor of the appellees and defeats the contention that the plat alone adopts the Phase 1 restrictions for Phase 2. We, therefore, affirm on this point.

For their second point, appellants assert that the trial court erred in finding that appellees were not bound by the restrictive covenants because they had notice of the covenants. It is undisputed that appellees had notice of the restrictions. However, this argument begs the threshold question of whether the restrictive covenants were valid. That issue is addressed in the first point and need not be addressed again here.

Affirmed.

GLADWIN and ROAF, JJ., agree.