

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–295

TERRI AKERS ET AL.

APPELLANTS

V.

DARRELL BUTLER AND ANGIE
BUTLER

APPELLEES

Opinion Delivered NOVEMBER 12, 2015

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. CV–14–250]

HONORABLE JOHN HOMER
WRIGHT, JUDGE

AFFIRMED

## DAVID M. GLOVER, Judge

The appellants in this case are twenty-one property owners who filed a "Verified Petition for Temporary Restraining Order and Permanent Injunction" against appellees, Angie and Darrell Butler, in April 2014. The petition alleged the Butlers were violating the "Land Use and Architectural Controls" of the Forest Ridge Estates subdivision by using their property for commercial purposes. The Butlers moved to dismiss or, alternatively, answered and counterclaimed for declaratory judgment. Later in the case, the Butlers filed a motion for summary judgment, seeking dismissal of the cause of action filed against them, or, alternatively, declaring the "Land Use and Architectural Controls" inapplicable to them. Appellants responded.

Following a hearing on the motion for summary judgment, the trial court found the Butlers were not bound by the document entitled "Land Use and Architectural Controls" because they did not sign it and the document was not effective against third parties, which

SLIP OPINION

included the Butlers. The trial court dismissed the complaint against the Butlers with prejudice. This appeal followed, with appellants contending the trial court erred in granting summary judgment in favor of the Butlers because 1) the land-use restrictions were valid and unambiguous and the fact that the Butlers did not sign the restrictions was of no consequence because, at the time the restrictions were signed, the Butlers did not own any subdivision property, and 2) the lack of the magic word "consideration" in all of the acknowledgments was of no consequence because the Butlers were not third parties and they had actual knowledge of the restrictions at all relevant times, making them sufficient as a matter of law. Also incorporated within their argument is the contention that material issues of fact remain in dispute. We affirm.

In April 2005, the Butlers entered into an "Agreement for Deed" with Mary and Kenneth LaBuy, who were developing property called Forest Ridge Estates. The agreement was for the sale and purchase of property at issue here. At the time this agreement was executed, the "Land Use and Architectural Controls" referenced as part of the agreement had not been filed and were not listed in the agreement. The "Agreement for Deed" provided that if the Butlers defaulted on the agreement, the LaBuys could cancel the contract and retain all the payments made by the Butlers as liquidated damages.

The referenced "Land Use and Architectural Controls" restrictions were not filed until October 28, 2005. The document was signed and acknowledged on that same date by fourteen property owners within the subdivision, but the Butlers' signatures were not among them. Included among the restrictions was one in paragraph 1.1 prohibiting the use of

subdivision property for commercial purposes. In addition, paragraph 3.1 of the document provided a mechanism for amending the controls. None of the acknowledgments to the document referenced "consideration."

A document entitled "Modification of Land Use and Architectural Controls" was recorded on April 30, 2013. Pursuant to that document, paragraph 1.1 of the original restrictions was amended as follows: "No noxious or offensive activity, and no commercial activities of any kind shall be carried on or upon any tract in Forest Ridge Estates, nor shall anything be done thereon that may become an annoyance or nuisance to the area, *except that rentals for special events shall be allowed*." (Emphasis added to show amended language.) The document goes on to state that the modification applies to certain described lands. It was signed by the Butlers, and, according to them, it was also signed by thirty-seven other owners of property within Forest Ridge Estates, including the developers (the LaBuys). Also, according to the Butlers, thirty-seven owners represented over eighty percent of the total owners, and sixteen of the twenty-one plaintiffs in the instant case signed the modification.

The Butlers thereafter built a barn on a portion of their property and began renting it out. The appellants' petition for a temporary restraining order and permanent injunction followed, initiating this case.

Our standard of review for cases involving summary judgment is well known. Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to summary judgment as a matter of law. *Wilcox v. Wooley*, 2015 Ark. App. 56, 454 S.W.3d 792 (quoting *Harvest Rice,*

SLIP OPINION

*Inc. v. Fritz & Mertice Lehman Elevator & Dryer, Inc.*, 365 Ark. 573, 575–76, 231 S.W.3d 720, 723 (2006)). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.* Moreover, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Id.*

Appellants contend the circuit court erred in granting summary judgment in favor of the Butlers, thus allowing them to operate a commercial business in a residential subdivision. Specifically, they argue the restrictions on land use for the subdivision were valid and unambiguous and should have been enforced against the Butlers by the court, and the fact the Butlers did not sign the restrictions is of no consequence because, when the restrictions were signed, the Butlers did not "own" any land in the subdivision, only an inchoate right to acquire land at some future date if their rights were not forfeited under their contract. We disagree.

Arkansas Code Annotated section 18-12-103 (Supp. 2013) provides in pertinent part:

(a) As used in this section, "restrictive covenant" means a restriction on the use or development of real property regardless of whether the restriction is created by a covenant in a deed or bill of assurance, or by any other instrument.

(b) An instrument creating a restrictive covenant is *not effective to restrict the use or development of real property unless the instrument purporting to restrict the use or development of the real property is executed by the owners of the real property* and recorded in the office of the recorder of the county in which the property is located.

(Emphasis added.)

In its December 2, 2014 letter opinion, the trial court explained its decision in part:

A.      Undisputed facts:

1. The document purporting to impose restrictions on the use of the property, titled "Land Use and Architectural Controls," was not signed by the Defendants, who were purchasing their property under contract of sale at the time.

. . . .

B.      Conclusions of law:

1. Since the document titled "Land Use and Architectural Controls" does not include the signature of the Defendants, they are not bound by the document.

This undisputed finding of fact, and the conclusion of law based upon it, were set forth in the summary-judgment order.

As found by the trial court, it is undisputed the "Land Use and Architectural Controls" document, which contains the restrictions relied upon by the appellants, was not signed by the Butlers. Thus, the main thrust of appellants' argument under this subsection is that the Butlers' signature was not necessary for the restrictions to be effective against the Butlers because they were not the "owners" of the property; rather, because the Butlers were

purchasing the property pursuant to a contract for deed, which contained a forfeiture clause, they had no vested interest in the property—only an inchoate interest. The trial court was not convinced by this argument, and we are not either.

The parties have not provided us with an Arkansas case directly on point with the facts presented here regarding whether a purchaser under a contract for deed is considered an owner of the property under section 18-12-103. Appellants rely in part upon *McGuire v. Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988), in which our supreme court declined the invitation to construe section 18-12-103 to require mineral owners to join in the execution of bills of assurance before covenants can affect the use of real property. We find the facts of that case to be significantly distinguishable from those presented here; therefore, we do not find *McGuire* helpful. Furthermore, to the extent appellants rely upon cases in which defaulting buyers under a land-sale contract containing a forfeiture clause contended they had an equitable interest in the property and were entitled to a return of the payments they had made, we do not find those cases helpful either. *See, e.g.*, *Collins v. Keller*, 333 Ark. 238, 969 S.W.2d 621 (1998); *White v. Page*, 216 Ark. 632, 226 S.W.2d 973 (1950). Obviously, as between a seller and a defaulting buyer, concluding that the buyer had an equitable interest would totally negate the forfeiture clause the parties had agreed upon. That is not the situation here. The Butlers were never in default, and this dispute is not between them and the LaBuys, the sellers, over their land-sale contract. Instead, the dispute here is whether the Butlers are bound by restrictive covenants they did not sign. The trial court found that the

Butlers were not so bound, and we agree. We are convinced that, for purposes of section 18-12-103, the Butlers constituted "owners of the real property."

The appellants further argue the Butlers had actual knowledge of the restrictions. At the time the Butlers entered into their contract to purchase the property in April 2005, the land-use restrictions had not been executed. The restrictions were not executed until October 2005, and they were executed *without* the Butlers' signatures. We are not convinced that, under the circumstances of this case, the clear requirement for signatures under section 18-12-103 was negated by the Butlers' alleged knowledge of the restrictions, which at that point was based upon a sentence in their agreement for deed that provided, "Complete list of Land Use and Architectural Controls shall be part of this agreement."

We find no error in this basis upon which the trial court granted summary judgment to the Butlers; therefore, it is unnecessary to address appellants' second argument concerning the trial court's alternative basis for granting summary judgment. Neither is it necessary to address the Butlers' alternative rationales for affirming.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Jonathan D. Jones*, for appellants.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellees.