Victor **PROVENCIO**, Appellant

v.

Yoshi **LEDING** (formerly Provencio), Appellee.

No. CA 10–312.

Court of Appeals of Arkansas.

Jan. 26, 2011.

83

Scott Allen Scholl, Jacksonville, for appellant.

Charles R. Hoskyn, North Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

The issue presented is whether the Pulaski County Circuit Court erred in finding that appellee is entitled to $962.06 per month as her share of appellant's military retirement pursuant to the parties' property-settlement agreement and a subsequent agreed order. We affirm the trial court's order.

Appellant Victor Provencio and appellee Yoshi Leding were married in 1971 and divorced in 1992. They entered into a property-settlement agreement as a result of their divorce wherein appellee was awarded all of appellant's military retirement and disability pay. However, pursuant to the agreed order the parties signed in March 2007, appellee is no longer entitled to appellant's disability benefits, and the property-settlement's provisions pertaining to disability benefits were voided. The agreed order provides that appellee should receive all of appellant's "current military retirement pay, one-half of which is now $340 [1] per month, and he shall pay an additional $200 per month toward the

1. At the time of the agreed order, appellee was entitled to receive all of appellant's military retirement, which at that time totaled $680. The trial court found that this amount subsequently increased to $962.06 per month by August 2007.

arrearage." The order proclaimed that appellant owed an arrearage of $78,128.46.

The parties' dispute arose when appellee filed a motion for contempt on November 13, 2008, because she was no longer receiving appellant's military-retirement benefits. She claimed that appellant had restructured his military retirement so that he was no longer was drawing retirement pay, but was receiving only disability benefits, and in turn, appellee was no longer receiving appellant's retirement benefits. Appellant responded, admitting that he was receiving "100% VA disability" and claiming that res judicata and collateral estoppel applied. He asserted that the trial court had already found in the agreed order that the military-disability benefits were not reachable by appellee and that he could not be ordered to pay her additional sums to compensate for the loss of the retirement, citing the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408 (2000 and Supp. I).

The trial court found in appellee's favor, reasoning as follows:

8. The record is not clear if the payments ceased because the military increased the [appellant's] disability rating or because it approved him for Combat Related Special Compensation (CRSC) benefits.

9. [Appellant] contends that both Veterans Administration disability benefits and CRSC benefits are specifically identified as; "benefits other then retirement pay", and that the Uniformed Services Former Spouses Protection Act (USFSPA), while allowing state courts to divide military retirement as marital property, does not allow the trial court to divide disability payments. [Appellant] agreed that an increase in either Veterans Administration disability or CRSC benefits would result in a corresponding reduction of his retirement benefits. Under either application, it is undisputed that the [appellant's] military retirement benefits were terminated due to his increased disability rating and the resulting increase in disability compensation was substituted for his previous retirement benefits. There was testimony that the [appellant] had at some point applied for the CRSC benefits and upon receiving these benefits, it was understood that there would be a termination in his corresponding retirement benefits. The [appellee] argues the [appellant's] former attorney clearly stated on the record that, "to get V A disability you have to apply for it." In other words, the [appellant], by his affirmative and voluntary action of applying for his disability benefits, knowingly impacted his future military retirement benefits.

The trial court then performed an analysis of *Surratt v. Surratt*, 85 Ark.App. 267, 148 S.W.3d 761 (2004), where this court held that, generally, when a property-settlement agreement in a divorce proceeding divides military-retirement benefits, the non-military spouse has a vested interest in his or her portion of those benefits as of the date of the court's decree and that the vested interest cannot thereafter be unilaterally diminished by an act of the military spouse.

The trial court found that the instant case was factually similar to *Surratt*, and stated as follows:

12. Here, there is a definite stated amount at the time that the retirement benefits to the [appellant] were terminated. These benefits were terminated by the [appellant's] voluntary and intentional waiver of retirement benefits in or-

der to receive increased disability payments. The retirement benefit as of August 1, 2007, was $962.06 per month.

13. In *Surratt*, the Property Settlement Agreement did not provide the ex-wife with an exact amount, but the trial court determined that sum by applying the computation language contained in their Property Settlement Agreement to the facts. This Court will apply the same procedure to the facts of this case. The $962.06 amount mentioned above was the total monthly payment being received by the [appellee] from the [appellant] and the DOD for the [appellant's] military retirement pay when the [appellant's] military retirement pay benefit was terminated.

14. $962.06 is the amount that the [appellant] shall continue to pay to the [appellee] each month pursuant to parties' agreement set forth in their Divorce Decree and the 2007 Agreed Order. . . .

The trial court further determined that the property-settlement agreement and the agreed order required specific payments, and this contractual agreement created a vested right in appellee. Because appellee's right to the specific payments was vested, the trial court reasoned that appellant could not be allowed to subvert that right by intentionally substituting disability payments for military-retirement benefits. From this order, appellant filed a timely notice of appeal, and this appeal followed.

■ The standard of review in equity cases is de novo. *Surratt, supra.* We review both law and fact and, acting as judges of both law and fact as if no decision had been made in the trial court, sift the evidence to determine what the finding of the trial court should have been and render a decree upon the record made in the trial court. *Id.* The trial court's findings of fact will not be reversed unless they are clearly erroneous. *Id.*

■ Appellant attacks the trial court's decision in two arguments. First, he contends that the agreed order bars appellee's claim. He asserts that in May and December 2006, the parties went before the trial court arguing the issue of whether appellant was in contempt for reducing his military retirement by accepting greater disability payments, thereby reducing appellee's monthly benefits. Res judicata bars subsequent litigation of questions of law which were not litigated, but could have been determined in the original litigation. *American Standard, Inc. v. Miller Eng'g, Inc.*, 299 Ark. 347, 772 S.W.2d 344 (1989). Under this doctrine, relitigation in a subsequent suit is barred when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Id.* This doctrine applies when the litigation is resolved by an agreement entered into between the parties. *See Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). Appellant maintains that the issues were fully contested in good faith prior to the entry of the 2007 order, that the suit continues to involve the same parties, that the trial court had jurisdiction, and that the agreed order is a judgment upon the merits of the case.

However, as pointed out by appellee, appellant failed to obtain a ruling on the issue of the application of res judicata to this action. Failure to do so prevents this court from addressing the issue. The Ar-

kansas Supreme Court has held, in appeals in both the civil and the criminal context, that an appellant's failure to obtain a ruling from the fact-finder precludes appellate review. *See, e.g., Simpson Housing Solutions, LLC v. Hernandez,* 2009 Ark. 480, 347 S.W.3d 1 (holding that the supreme court will not address an argument on appeal if a party has failed to obtain a ruling below); *Kelley v. State,* 375 Ark. 483, 292 S.W.3d 297 (2009) (holding that appellant's failure to obtain a ruling at the trial level, even on a constitutional issue, precluded review on appeal).

Appellant's second point on appeal is his claim that the trial court erred in ordering appellant to pay all of his disability and CRSC to appellee. He argues that *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), is controlling. In *Mansell,* the Supreme Court held that the USFSPA does not grant state courts the power to treat as property divisible upon divorce military-retirement pay that has been waived to receive veterans'-disability benefits. *Id.* at 594–95, 109 S.Ct. 2023. However, appellant's argument ignores that the trial court in the instant case did not order appellant to use his disability benefits to pay his monthly obligation to appellee. The trial court specifically ordered that appellant's obligations to appellee as a result of the order were to be paid from any resource available to him.

Appellant further contends that *Surratt, supra,* is distinguishable from the instant case. In *Surratt,* the parties entered into a property-settlement agreement that was incorporated into their divorce decree. *Surratt,* 85 Ark.App. at 270, 148 S.W.3d at 763. At the time of the divorce, appellant Jerry Surratt was drawing both military retirement and disability benefits, having been rated twenty-percent disabled. *Id.*

The settlement agreement provided in part:

> Barbara shall be entitled to receive one-half of Jerry's military monthly retirement income as it was at the time of the Complaint for Divorce being filed and that should there be any cost of living increases that Barbara will be entitled to one-half of the same. That the said retirement income will not fall below the amount that Jerry was receiving at the time of filing this suit even if Jerry's disability retirement increases. Jerry will receive 100 per cent of the monthly retirement income that is related to and labeled as disability income and Barbara shall receive one-half of the balance of the monthly retirement income as stated above as well as any increases thereto but never will receive less than the amount that Jerry is receiving as of the day of the Complaint being filed and that Barbara will be paid directly from the U.S. Government, if possible.

*Id.* at 271, 148 S.W.3d at 763. The Department of Veterans Affairs notified Jerry in July 2001 that he had received a 100% disability rating, retroactive to November 2, 2000, and that he would henceforth receive an increase in his disability benefits with a concurrent termination of his military retirement pay. *Id.* at 271, 148 S.W.3d at 764. Barbara received her share of Jerry's retirement benefits until August 2001, after which she received nothing. *Id.* Barbara filed a petition for citation of contempt against Jerry in January 2002 and sought judgment for the arrearages. *Id.* In response, Jerry argued that, according to the USFSPA, Barbara was ineligible for any share of his disability income, and that, because she had remarried, she could not receive alimony. *Id.*

Appellant claims that the property-settlement agreement in *Surratt* provided

that the wife would receive a guaranteed specific minimum amount each month and not only provided a formula to determine how to calculate a current payment, but also provided that the monthly payment to the wife would never be less than a minimum amount. He argues that the agreed order in the instant case did not provide for a specific sum to be paid, nor a formula to determine the sum. He asserts that the agreed order stated that appellee would be awarded only military retirement and provided that appellant would not have to pay her any portion of his disability benefits.

The agreed order states in pertinent part as follows:

3. The parties have agreed that the provision in the decree regarding [appellee] receiving [appellant's] military or V A disability benefits is void and [appellee] does not now seek any payment for the disability benefits.

4. That [appellant] will henceforth pay the [appellee] all of his current military retirement pay, one-half of which is now $340 per month, and he shall pay an additional $200 per month toward the arrearage. That makes the total monthly payment due to [appellee], at this time, $540 per month (not including the one-half paid directly to [appellee] by the military). The parties have agreed that [appellant] shall not be required to pay [appellee] any portion of the military or VA disability benefits and that his obligation to do so is terminated and released by [appellee].

Therefore, the trial court's finding—that there is a definite stated amount at the time that the retirement benefits to the appellee were terminated and that these benefits were terminated by appellant's voluntary and intentional waiver of retirement benefits in order to receive increased disability payments—is not clearly erroneous. The trial court further found as follows:

13. In *Surratt*, the Property Settlement Agreement did not provide the ex-wife with an exact amount, but the trial court determined that sum by applying the computation language contained in their Property Settlement Agreement to the facts. This Court will apply the same procedure to the facts of this case. The $962.06 amount mentioned above was the total monthly payment being received by the [appellee] from the [appellant] and the DOD for the [appellant's] military retirement pay when the [appellant's] military retirement pay benefit was terminated.

Accordingly, pursuant to *Surratt*, the trial court's order is affirmed.

Affirmed.

HOOFMAN and BROWN, JJ., agree.