2012 Ark. App. 707

**Bradley PERKINS and Judy Perkins, Appellants**

v.

**Warren O. HENRY and Joyce B. Henry, Appellees.**

**No. CA 12–499.**

Court of Appeals of Arkansas.

Dec. 12, 2012.

Rehearing Denied Jan. 23, 2013.

See also, 2010 Ark. App. 126, 2010 WL 475358.

David R. Cannon, Little Rock, for appellant.

Gammill & Gammill, Hazen, by: Randall L. Gammill; Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for appellees.

WAYMOND M. BROWN, Judge.

Bradley and Judy Perkins appeal from the Lonoke County Circuit Court's grant of summary judgment dismissing their petition to reform a warranty deed entered into in 2005 with appellees, Warren and Joyce Henry. We find that summary judgment was premature and reverse and remand for further proceedings.

In 2005, appellants Bradley and Judy Perkins purchased land from appellees, Warren and Joyce Henry, for the purpose of constructing a house. The land was part of an approximately sixty-five-acre

tract, which Mr. Henry had owned since 1969 and subdivided into residential lots, and which surrounded a private airstrip that he built in the 1980s. The land purchased by the Perkinses was adjacent to this runway. Attached to the warranty deed conveying the property was a document entitled "Attachment to the Warranty Deed: Land Use Restrictions" (hereafter referred to as "the attachment"). The attachment included provisions prohibiting various things, such as the subdivision of tracts, dumping, keeping "junk cars" or appliances in the yard, keeping farm animals, building a dwelling under 2000 square feet on the lot, using the land for anything other than residential purposes, and placement of overhead electric wires. Paragraph 10 of the attachment, however, provided that "all property owners" would have use of the aircraft runway as long as they paid an annual maintenance fee of $250.

In July 2008, the Henrys filed for and were granted an injunction requiring the Perkinses to remove certain trees and a metal building from their property, based on provisions contained in paragraph 2 of the attachment. The specific provisions at issue in the injunction state. "No trees shall be planted or allowed to grow within seventy-five feet of the aircraft runway," and "All out buildings, unattached garages and other structures shall be constructed of material that is either brick or painted." The circuit court granted the petition and ordered removal of the trees and building. This court then reversed the circuit court, holding that the land-use restrictions were unenforceable due to the lack of a general plan of development.[1]

On remand, the circuit court entered an order on September 1, 2010, finding that based on the *Perkins I* opinion, the land-use restrictions attached to the warranty deed were invalid and unenforceable. The order did not distinguish between the two provisions that were at issue in *Perkins I* and the rest of the provisions, rather, it merely stated, "[T]his Court hereby finds that the restrictions attached to [the] Warranty Deed ... are invalid and unenforceable." Neither party appealed from that order.

Subsequently, the Henrys informed the Perkinses that they would no longer be allowed to use the runway. The Perkinses filed a new action in the circuit court on September 13, 2010, asking the court to grant one of the following remedies: (1) reform the warranty deed based on mutual mistake because there was "no question that the intention of the parties was to grant the [Perkinses] the use of the runway easement"; (2) enter declaratory judgment declaring that the grant of the use of the runway to the Perkinses was a grant in rem that runs with the land, a license that had become irrevocable because the Perkinses had used the runway on a regular basis and had expended money and/or labor and materials to be able to use it; or (3) grant damages to the Perkinses for damages to the value of their property caused by the fraud, negligence,

---

1. *Perkins v. Henry*, 2010 Ark. App. 126, 2010 WL 475358 (hereafter referred to as *Perkins I* ). For restrictions to be enforceable, there must be a "general plan of development." *Harbour v. Nw. Land Co., Inc.*, 284 Ark. 286, 681 S.W.2d 384 (1984). The test for a general plan of development is whether substantially common restrictions apply to lots that are of "like character" or are "similarly situat-ed." *Id.* This court held that there was no general plan of development based on evidence that there were written restrictions in only one of three deeds of similarly situated properties, there was a significant difference in the type of structures and activities that were allowed on the different lots, and testimony by Mr. Henry that his plan for the subdivision as a whole was indefinite.

and misrepresentation of the Henrys at the time the land was purchased, i.e., the Henrys' assurance that the aircraft runway could be used as long as the annual fee was paid.[2]

The Henrys filed an answer and counterclaim on October 12, 2010, asking the circuit court to enter an order declaring that the Perkinses had no right to use the runway because the land-use restrictions attached to the deed had been declared invalid and unenforceable. On December 6, 2010, the Henrys filed a motion for summary judgment, arguing that because the land-use restrictions had been declared invalid and unenforceable in their entirety, the Perkinses' petition was barred by res judicata. After a hearing on the motion, the circuit court granted the motion for summary judgment, holding that the Perkinses' action was barred by res judicata or claim preclusion. From that March 27, 2012 order, the Perkins filed a timely notice of appeal on April 13, 2012.

We determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered.[3] The appellate court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[4] Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to a judgment as a matter of law.[5]

The doctrine of res judicata bars subsequent litigation of questions of law that were not litigated but could have been determined in the original litigation.[6] Under res judicata, relitigation in a subsequent suit is barred when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action that was litigated, or could have been litigated but was not; and (5) both suits involve the same parties or their privies.[7] The purpose of res judicata is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time.[8] We review a circuit court's conclusion that a suit was barred by res judicata as a question of law.[9] It is not disputed that the first suit involved the same parties, resulted in a judgment on the merits, was based on proper jurisdiction, and was fully contested in good faith. 1 he question before this court is whether both suits involve the same claim or cause of action that was litigated, or which could have been litigated but was not. We find that they do not.

Below and on appeal, the Henrys argue that res judicata bars the Perkinses' claim

2. The Perkinses asserted in their petition that the correct measure of damages would be the difference in the fair market value of their property with the use of the runway as opposed to the fair market value without the use of the runway.

3. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116.

4. *Id.*

5. *Id.;* Ark. R. Civ. P. 56(c)(2) (2012).

6. *Provencio v. Leding,* 2011 Ark.App. 53, 381 S.W.3d 82.

7. *Id.*

8. *Brandon v. Ark. W. Gas Co.,* 76 Ark.App. 201, 61 S.W.3d 193 (2001).

9. *Elsner v. Kalos Fin. Servs., Inc.,* 2012 Ark. App. 639, 2012 WL 5439935; *Davis v. Little Rock Sch. Dist.,* 92 Ark.App. 174, 211 S.W.3d 587 (2005).

because the land-use restrictions in the attachment to the deed were found to be invalid and unenforceable in their entirety. However, only two provisions from the attachment, both in paragraph 2, were addressed in *Perkins I*. This court specifically stated that the appeal was limited to those two provisions,[10] which concerned the planting of trees near the runway and how outbuildings were to be constructed. The circuit court, however, appears to have interpreted the opinion as holding that *all* provisions contained in the attachment were invalid and unenforceable. 1 he question of whether the circuit court erred in its interpretation of *Perkins I* is not directly before us because the September 1, 2010 remand order was not appealed. However, for the purposes of res judicata, we must note that the provision at issue in this appeal was never at issue in the first action or in the *Perkins I* appeal.

The Perkinses' September 13, 2010 petition concerns paragraph 10 of the attachment:

> All property owners will have use of the aircraft runway for the purposes of take-offs and landings. All property owners must abide by the rules and guidelines and any amendments that may be made from time to time pertaining to the use of the aircraft runway as established by the aircraft runway owners. That all property owners are responsible to pay a minimum annual aircraft runway maintenance of Two Hundred Fifty and No/100 Dollars ($250.00) whether they actually use the aircraft runway or not. If the annual runway maintenance fee is not paid then among other remedies that may be available at law to the aircraft runway owners the owners that are delinquent in paying said annual runway maintenance fee must cease to use said aircraft runway until their delinquent and current dues are paid in full. All persons owners, invitees, guests, that use the aircraft runway do so at their own risk and are responsible to owners of aircraft runway for any damage caused by their use of said runway.

The petition then alleges that "[t]he use of the aircraft runway was the predominant factor in Plaintiffs' decision to purchase the real property and was a selling point used by Defendants in selling the property to Plaintiffs."

Prior to Perkins I, there was no controversy concerning the Perkinses' use of the runway. They paid the required fee and were allowed to use the runway as agreed at the time the land was conveyed. After Perkins I was handed down, however, the circuit court entered its order, which appears to hold that the attachment in its entirety is invalid and unenforceable, and following this ruling, the Henrys declined the Perkinses' runway-fee payment and told them they could no longer use the runway. The Perkinses then filed their petition asking the circuit court to reform the warranty deed due to mutual mistake, or alternatively, to enter a declaratory judgment that the grant of the use of the runway was an irrevocable license or to grant damages to the value of their property caused by fraud, negligence, and misrepresentation by the Henrys as to the use of the runway. These are entirely different claims and remedies from those sought in the original action, in which the Henrys petitioned for an injunction requiring the Perkinses to remove trees and a shed from their property.

Contrary to the Henrys' argument, the September 13, 2010 petition does not seek

---

10. We further note that the final paragraph of the land-use restrictions states, "Invalidation of any one of these covenants by judgment or court order shall in no way affect any of the other provisions which shall remain in full force and effect."

to enforce the land-use restrictions contained in the attachment. Rather, it challenges whether the provision allowing use of the runway for a fee is a restriction at all, and seeks equitable relief to reflect what it asserts were the intentions of the parties at the time the land was purchased. The Perkinses argue that the provision concerning the runway is not a restriction preventing them from using the property in a certain way; rather, it is clearly a grant of a license and was intended to be such, and the provision's inclusion in a document entitled "Land Use Restrictions" does not change its essential nature.

▮ |₈Because there was no controversy concerning the use of the runway at the time of the first action, there was no reason for either party to have raised or litigated that issue at that time. Moreover, it was not necessary for the circuit court (or this court in *Perkins I*) to determine whether the warranty deed should be reformed due to mutual mistake, whether the grant of use of the runway could be revoked, or whether the Perkinses were entitled to damages if they were barred from using the runway. The test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated there.[11] Because the issues presented in the Perkinses' action were not necessarily within the issues of the former suit and had no cause to be litigated there, we do not find that res judicata applies.

▮ The primary remedy sought by the Perkinses in the present case—reformation of the warranty deed—is an equitable remedy that is available when the parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement.[12] A mutual mistake must be shown by clear and decisive evidence that at the time the agreement was reduced to writing, both parties intended their written agreement to say one thing and, by mistake, it expressed something different.[13] Whether a mutual mistake that warrants |₉reformation occurred is a question of fact.[14] Thus, the Perkinses' claim for reformation requires evidence to be placed before the trial court regarding the parties intent at the time of purchase, as well as evidence regarding their conduct. We note that evidence regarding the intent and conduct of the parties also bears on the Perkinses' alternative remedies of declaratory judgment or damages for fraud, negligence, or misrepresentation by the Henrys regarding the use of the runway. Because there remain genuine issues of material fact to be litigated with regard to the Perkinses' claims, we find that the circuit court erred in granting summary judgment.

Reversed and remanded.

PITTMAN and WYNNE, JJ., agree.

---

11. *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000).

12. *Fayetteville Real Estate & Dev., LLC v. Norwood*, 2012 Ark. App. 456, 422 S.W.3d 154.

13. *Id.*

14. *Id.* (citing *Statler v. Painter*, 84 Ark.App. 114, 133 S.W.3d 425 (2003)).